IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

MERCEDES KENT, )
 )
    Plaintiff, )
 )
VS. ) No. 04-1097-T-An
 )
DOLLAR GENERAL CORPORATION, )
 )
    Defendant. )

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Plaintiff filed this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., as amended, and the Tennessee Human Rights Act, T.C.A. § 4-21-101 et seq., against her former employer, Dollar General Corporation. Plaintiff alleged that she had been discriminated against on the basis of her race. Defendant has filed a motion to dismiss the complaint on the ground that Plaintiff has not cooperated in discovery. Plaintiff has not responded to the motion. For the reasons set forth below, Defendant's motion is GRANTED.

Rule 37(b)(2) provides as follows:

> If a party . . . fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule . . . the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following: . . . (C) [a]n order . . . dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party. . . .

The purpose of imposing sanctions is to "assure both future compliance with the discovery rules and to punish past discovery failures, as well as to compensate a party for expenses incurred due to another party's failure to properly allow discovery." Bell v. Automobile Club of Michigan, 80 F.R.D. 228, 229 (E.D. Mich. 1978), *cert. denied*, 442 U.S. 918 (1979). "Dismissal of an action for failure to cooperate in discovery is a sanction of last resort that may be imposed only if the court concludes that a party's failure to cooperate is due to willfulness, bad faith, or fault." Regional Refuse Systems, 842 F.2d 150, 154 (6th Cir. 1988) (citing Patton v. Aerojet Ordinance Co., 765 F.2d 604, 607 (6th Cir. 1985)).

Rule 41(b) of the Federal Rules of Civil Procedure gives courts the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." This measure is available to the court as a tool to effect "management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties." Knoll v. American Telephone & Telegraph Co., 176 F.3d 359, 363 (6th Cir. 1999) (quoting Matter of Sanction of Baker, 744 F.2d 1438, 1441 (10th Cir.1984)). A court should consider four factors in assessing the whether to grant a motion to dismiss a complaint under Rule 41(b): (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were

2

imposed or considered before dismissal was ordered. Harmon v. CSX Transportation, Inc., 110 F.3d 364, 366-67 (6th Cir.), *cert. denied*, 522 U.S. 868 (1997) (citations and quotations omitted).

In the present case, dismissal of the action under either Rule 37 or Rule 41 is appropriate because Plaintiff (1) did not respond to Defendant's discovery requests; (2) has failed to comply with the court's order of January 24, 2005, instructing her to provide Defendant with the requested documents and warning her that failure to comply could lead to the dismissal of the action, and (3) has not responded to the motion to dismiss. In light of this severe sanction, the court will not award Defendant its attorney fees and costs.

Because Plaintiff has failed to comply with the Federal Rules of Civil Procedure and the orders of this court, Defendant's motion to dismiss is GRANTED, and the action is hereby DISMISSED with prejudice. The clerk is directed to enter judgment accordingly. IT IS SO ORDERED.

*/s/ James D. Todd*
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

/ April 2005
DATE

3

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 29 in case 1:04-CV-01097 was distributed by fax, mail, or direct printing on April 4, 2005 to the parties listed.

---

Mercedes Kent
157 Lealand Lane
Jackson, TN 38305

Keith D. Frazier
OGLETREE DEAKINS NASH SMOAK & STEWART
424 Church St.
Ste. 800
Nashville, TN 37219

Honorable James Todd
US DISTRICT COURT